UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jill Swenson, Melody McCurtis, Maria Nelson, Black Leaders Organizing for Communities, Disability Rights Wisconsin,<br><br>        Plaintiffs,<br><br>  v.<br><br>Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, *Commissioners of the Wisconsin Elections Commission*; Meagan Wolfe, *Administrator of the Wisconsin Elections Commission*,<br><br>        Defendants. | Case No. 3:20-cv-459-wmc |

### THE WISCONSIN LEGISLATURE'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE

### INTRODUCTION

The Wisconsin Legislature moves to intervene under Federal Rule of Civil Procedure 24, to defend the State of Wisconsin's interest in the constitutionality and validity of its election laws.[1] Plaintiffs' broad-based Complaint seeks sweeping declaratory and injunctive relief blocking scores of duly enacted election laws on constitutional and federal-statutory grounds. When the validity of Wisconsin law is

---

[1] Plaintiffs Jill Swenson, Melody McCurtis, Maria Nelson, Black Leaders Organizing for Communities, and Disability Rights Wisconsin (collectively, "Plaintiffs") have informed counsel for the Legislature that they do not object to this Motion. Defendants Commissioners of the Wisconsin Elections Commission Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., and Mark L. Thomsen, and Defendant Administrator Meagan Wolfe (collectively, "the Commission") have informed counsel that they consent to this Motion.

challenged in court, the State of Wisconsin has recognized that the Legislature can vindicate the State's interests in these laws. Wis. Stat. §§ 13.365, 803.09(2m). The Seventh Circuit recently held that the Legislature must be permitted to intervene in another challenge to Wisconsin's election laws, where the Commission was a defendant. *Democratic Nat'l Comm. v. Bostelmann*, No. 20-1538, Dkt. 30 at 4 (7th Cir. Apr. 3, 2020) (citing *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019), and *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793 (7th Cir. 2019)); *see Democratic National Committee v. Bostelmann (DNC)*, No. 3:20-cv-249-wmc (W.D. Wis. *amended compl. filed* Mar. 26, 2020).

The Legislature is entitled to intervene in this action, as a matter of right, given that no sovereign party with the authority to represent Wisconsin's interest in the defense of state law is currently before the Court. The Commission—which does not have the independent authority to represent the State's interests in court—is represented by private counsel, not the Attorney General. Further, the Legislature's intervention motion is timely, the Legislature has a state-law recognized right under Sections 13.365 and 803.09(2m) to vindicate the State's interests in the constitutionality and validity of the election laws challenged here, and this lawsuit plainly threatens that interest. Finally, in a recent filing in a case before this Court that also challenges Wisconsin's election laws, the Commission stated that it takes "no position . . . as to whether the plaintiffs[ ] are entitled to some form of prospective relief" and that it is "unable" to challenge on appeal any injunction blocking state law

that may issue from this Court. *Edwards v. Vos*, No. 3:20-cv-340-wmc, Dkt. 15 at 6–7 (W.D. Wis. May 25, 2020).

Alternatively, and at a minimum, the Court should grant the Legislature permissive intervention status. Permissive intervention is especially justified in light of the Commission's recently stated position, making the Legislature's presence necessary for this Court to receive full adversarial briefing.

## INTEREST OF PROPOSED INTERVENOR

The Wisconsin Legislature is composed of the State Assembly and the State Senate. *See* Wis. Const. art. IV, § 1. Wisconsin law recognizes that the Legislature—the body "vested" with the "legislative power"—has a core interest in defending the State's own sovereign interest in the constitutionality and validity of state law in court. *Id.* Specifically, Section 803.09(2m) of the Wisconsin Statutes provides that "[w]hen a party to an action challenges in state or federal court the constitutionality of a statute" or "challenges a statute as violating or preempted by federal law, . . . the legislature may intervene as set forth under [Section] 13.365." Section 13.365(3), in turn, states that "[t]he joint committee on legislative organization may intervene at any time in the action on behalf of the legislature" and authorizes the Legislature to hire counsel other than the Attorney General. Wis. Stat. § 13.365(3). Under these laws, the Legislature has "standing as an agent of the State of Wisconsin" in defense of state law. *Planned Parenthood*, 942 F.3d at 798; *Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4; *accord Bethune-Hill*, 139 S. Ct. at 1951.

# ARGUMENT

## I. The Legislature Is Entitled To Intervene As A Matter Of Right Under Rule 24(a)(2), Since It Is The Only Sovereign Party Appearing Before The Court With Authority To Represent The State's Interests

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Four elements comprise intervention as of right under Rule 24(a)(2): "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Planned Parenthood*, 942 F.3d at 797 (citation omitted). The Legislature satisfies each of these elements here.

*1. This intervention application is timely*. The court assesses the timeliness of an intervention motion along "four factors": "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 388 (7th Cir. 2019) (brackets in original; citation omitted). The "most important consideration in deciding whether a motion for

intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Id.* at 389–90 (citation omitted).

The Legislature's Motion to Intervene is timely, as the Legislature has filed within the time for the Commission to answer or otherwise respond to Plaintiffs' Complaint, *compare* Fed. R. Civ. P. 12(a)(1)(A)(i), *with* Dkt. 4, so all parties will have ample opportunity to respond to the Legislature's proposed arguments in support of dismissal. Further, Plaintiffs do not object to this Motion, and the Commission has consented to this Motion, thus there could be no plausible assertion of prejudice to any party. Meanwhile, the prejudice to the Legislature from the Court's denial of intervention would be severe. Denial of intervention could result in the Court enjoining Wisconsin's election laws without full adversarial briefing from a sovereign party with the state-law authority to defend the State's interests in court. *See Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4.

*2. The Legislature has an interest in the validity of Wisconsin's election laws.* An interest under Rule 24(a)(2) must "be direct, significant, and legally protectable," and the Seventh Circuit has "interpreted statements of the Supreme Court as encouraging liberality in th[is] definition of an interest." *Lopez-Aguilar*, 924 F.3d at 391–92 (citations omitted). The Legislature has a state-law-recognized interest in defending against Plaintiffs' lawsuit, which challenges the constitutionality and validity of many election laws. Dkt. 1 at 66–68. Further, Wisconsin has the sovereign, legally "cognizable interest" in the "continued enforceability of its laws," which obviously includes the multiple election laws that Plaintiffs challenge here.

*Hollingsworth v. Perry*, 570 U.S. 693, 709–10 (2013) (citation omitted); *Lopez-Aguilar*, 924 F.3d at 392. By adopting Sections 13.365 and 803.09(2m), Wisconsin has made the sovereign choice that the Legislature may speak for the State's sovereign interest in court, as a party, whenever plaintiffs seek to block the enforcement of state law on constitutional or federal-statutory grounds. *See Planned Parenthood*, 942 F.3d at 798; *Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4.

*3. This lawsuit plainly impairs the Legislature's interest.* As just explained, Wisconsin has a sovereign interest in defending the constitutionality and validity of its duly enacted election laws, and it has endowed the Legislature with the authority to defend this sovereign interest in federal court. *See* Wis. Stat. §§ 13.365, 803.09(2m). Plaintiffs' lawsuit—including the near-boundless request that the Commission take any "appropriate" actions that Plaintiffs see fit, Dkt. 1 at 66–68—directly impairs the Legislature's interest, since it may result in the Court prohibiting the enforcement of the multiple election laws challenged here. Accordingly, the Legislature's interest is squarely implicated by this case. *See* Wis. Stat. §§ 13.365, 803.09(2m); *Planned Parenthood*, 942 F.3d at 798; *Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4; *accord Lopez-Aguilar*, 924 F.3d at 385.

*4. The Commission cannot adequately represent the Legislature's interest.* Rule 24(a)(2) imposes different standards to determine whether existing defendants adequately represent the interests of the proposed intervenor, depending on whether "the prospective intervenor and the named [defendant] have the same goal" and whether "the representative party is a governmental body charged by law with

protecting the interests of the proposed intervenor[ ]." *Planned Parenthood*, 942 F.3d at 799 (citations omitted). When the proposed intervenor does not share the "same goal" with the named defendant, it must make only a "'minimal' showing," *Wis. Educ. Ass'n Council v. Walker (WEAC)*, 705 F.3d 640, 659 (7th Cir. 2013) (citation omitted), that the "representation of [its] interest 'may be' inadequate," *Planned Parenthood*, 942 F.3d at 799 (citation omitted). However, when the proposed intervenor does share the "same goal," and the named defendant "is [the Attorney General] charged by law with protecting the interests of the proposed intervenor[ ]," the proposed intervenor must make "a concrete showing of the Attorney General's bad faith or gross negligence." *Id.* at 799, 801.

Here, the Legislature satisfies the adequacy element of the intervention analysis whether the Court (correctly) applies the minimal, may-be-inadequate standard, or (incorrectly) applies the higher, bad-faith-or-gross-negligence standard.

Beginning with the may-be-inadequate standard that should govern this Motion, *WEAC*, 705 F.3d at 659 (citation omitted); *Planned Parenthood*, 942 F.3d at 799, the Legislature meets this standard.

First, the Legislature is the only sovereign party before the Court with the state-law authority to represent Wisconsin's interests and, as *Planned Parenthood* expressly held, the State has the "unbridled authority to designate . . . *an* agent" to defend its sovereign interests in the validity of its laws in federal court. 942 F.3d at 802; *see Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4; *accord Hollingsworth*, 570 U.S. at 709–10; *Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). The Attorney General

has not appeared on behalf of the Commission; rather, the Commission is represented only by private counsel. Dkts. 10–13. Wisconsin law does not empower the Commission to represent the State's sovereign interests in Court, unlike the Legislature, Wis. Stat. §§ 13.365, 803.09(2m), or the Attorney General, Wis. Stat. § 165.25(6). Wisconsin law allows the Commission to speak only for its own bureaucratic views and interests. *See* Wis. Stat. §§ 15.02(2), 15.61(l)(a)l–6.

Second, the Legislature and the Commission do not share the same goal of "ensuring the validity of Wisconsin law" by vigorously defending the challenged laws here, including on appeal if necessary. *Planned Parenthood*, 942 F.3d at 799, 801. The divergence of goals in this manner independently triggers, and simultaneously satisfies, the may-be-inadequate standard here. *See also infra* p. 9 (arguing that this divergence also satisfies the higher, bad-faith-or-gross-negligence standard). As the Commission recently informed this Court in another case challenging Wisconsin's election laws, its goal is not to ensure the validity of those laws. Rather, the Commission believes that "the statutory constraints on its authority" require it to take "*no position* . . . as to whether the plaintiffs[ ] are entitled to some form of prospective relief" enjoining Wisconsin's election laws for the upcoming 2020 elections. *Edwards*, No. 3:20-cv-340-wmc, Dkt. 15 at 7 (emphasis added); *accord DNC*, No. 3:20-cv-249, Dkt.107 at 12–20 (Commission explaining that it would not defend all of the challenged laws in that case). Moreover, the Commission also informed the Court that it would be "unable" to appeal "the outcome of the injunctive relief sought in th[at] case," since it "does not have the statutory authority to appeal

any judicially mandated changes in elections procedures." *Edwards*, No. 3:20-cv-340-wmc, Dkt. 15 at 6 (citing Wis. Stat. § 5.05(5t)). The Legislature's goal is to ensure vigorously the validity of Wisconsin's election laws, including as to Plaintiffs' requests for prospective relief and through any necessary appellate proceedings. *See, e.g.*, *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205 (2020).

Even if this Court were to conclude that the bad-faith-or-gross-negligence standard applies, *Planned Parenthood*, 942 F.3d at 799, the Legislature satisfies this standard for the reason just discussed. As in *Edwards*, the Commission is likely to take "*no position* . . . as to whether the plaintiffs[ ] are entitled to some form of prospective relief" and refuse to "challenge . . . the outcome of [any] injunctive relief sought in th[is] case" on appeal. *Edwards*, No. 3:20-cv-340-wmc, Dkt. 15 at 6–7 (emphasis added). So, the Commission would not intend to "ensur[e] the validity of Wisconsin law," *Planned Parenthood*, 942 F.3d at 801, but would instead "throw the case" away as to the requests for prospective relief, while also "failing" to take any necessary "appeal," *Flying J., Inc. v. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009). This plainly satisfies the bad-faith-or-gross-negligence standard.

II. **Alternatively, This Court Should Afford The Legislature Permissive Intervention Under Rule 24(b)(1)(B)**

Should the Court conclude that the Legislature is not entitled to intervention as of right, the Legislature respectfully requests that the Court grant it permissive intervention under Rule 24(b)(1)(B), which would be fully consistent with "the needs of federal-state comity." *Planned Parenthood*, 942 F.3d at 803.

Permissive intervention has only two requirements, and the Legislature satisfies them both: the intervenor must "timely" file, and it must "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, the Legislature's motion is timely, as described above. *Supra*, pp. 4–5. And the Legislature' proposed Motion to Dismiss and Memorandum in Support, which it has filed contemporaneously with this Motion, raises defenses to Plaintiffs' Complaint and so "shares a question of law with the main action." *Planned Parenthood*, 942 F.3d at 803.

Beyond these two requirements, the Seventh Circuit in *Planned Parenthood* explained that Rule 24(b)(1)(B) "allows the district court to consider a wide variety of factors" when considering whether to grant permissive intervention, including whether intervention would "overwhelm" the Court and whether it would serve "the needs of federal-state comity." 942 F.3d at 802–03. Here, the Legislature's intervention is necessary for the Court to receive full adversarial briefing against an injunction blocking multiple election laws, since, as noted above, the Commission is bound to take "*no position* . . . as to whether the plaintiffs are entitled to some form of prospective relief." *Supra* pp. 8–9. Because those challenged election laws further the Legislature's "compelling interest" in the integrity and orderly administration of its elections, *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989); *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (controlling plurality of Stevens, J.), intervention would directly further "the needs of federal-state comity," *Planned Parenthood*, 942 F.3d at 803. Finally, granting the

Legislature permissive intervention would not pose practical difficulties here—especially since Plaintiffs do not object, and the Commission affirmatively consents—but would simply allow for full adversarial litigation of the issues that Plaintiffs have brought to the Court in this significant case. *See Democratic Nat'l Comm.*, No. 20-1538, Dkt. 30 at 4.

## CONCLUSION

This Court should grant the Legislature's Motion to Intervene.

Dated, June 8, 2020

                                          Respectfully Submitted,

                                          /s/ Misha Tseytlin
                                          MISHA TSEYTLIN
                                          (State Bar No. 1102199)
                                          KEVIN M. LEROY
                                          (State Bar No. 1105053)
                                          SEAN T.H. DUTTON
                                          TROUTMAN SANDERS LLP
                                          227 W. Monroe Street
                                          Suite 3900
                                          Chicago, IL 60606
                                          (608) 999-1240
                                          (312) 759-1939 (fax)
                                          misha.tseytlin@troutman.com
                                          kevin.leroy@troutman.com
                                          sean.dutton@troutman.com

                                          *Attorneys for the Wisconsin Legislature*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2020, a true and accurate copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

/s/ Misha Tseytlin
MISHA TSEYTLIN
TROUTMAN SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(608) 999-1240
(312) 759-1939 (fax)
misha.tseytlin@troutman.com