IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL SWENSON, MELODY MCCURTIS,
MARIA NELSON, BLACK LEADERS
ORGANIZING FOR COMMUNITIES, and
DISABILITY RIGHTS WISCONSIN,

          Plaintiffs,

MARGE BOSTELMANN, JULIE M. GLANCEY,
ANN S. JACOBS, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., MARK L. THOMSEN, and
MEAGAN WOLFE,

          Defendants,
   and

WISCONSIN LEGISLATURE, REPUBLICAN
NATIONAL COMMITTEE, and REPUBLICAN
PARTY OF WISCONSIN,

          Intervening Defendants.

OPINION AND ORDER

20-cv-459-wmc

---

Plaintiffs bring this suit seeking a declaration that the administration of Wisconsin's April 7, 2020, election, held in the midst of the COVID-19 pandemic, violated federal law. They also request various injunctions in anticipation of the August and November 2020 elections. Plaintiffs are three Wisconsin citizens and two nonprofit organizations and name as defendants the six Commissioners of the Wisconsin Elections Commission ("WEC"), as well as the Administrator of the WEC. In addition, the Wisconsin Legislature and the Republican National Committee and Republican Party of Wisconsin ("the RNC/RPW") now seek to intervene as defendants (dkts. #18, 25), which the court will grant for the reasons that follow, as well as establish a status conference to address scheduling in this and related lawsuits.

BACKGROUND

The COVID-19 pandemic has posed novel and challenging problems for the

administration of Wisconsin elections, which in turn has generated numerous lawsuits. In addition to the present suit, pending before this court are three other lawsuits bringing related challenges to Wisconsin's election laws. *See Democratic Nat'l Comm. v. Bostelmann*, 20-cv-249; *Gear v. Knudson*, 20-cv-278; *Edwards v. Vos*, 20-cv-340. In each of these cases, the Wisconsin Legislature and the RNC/RPW are parties. Unsurprisingly, they both have now moved to intervene as defendants in the present lawsuit. (Dkts. #18, 25.) The existing defendants consent to both interventions; plaintiffs do not object to the Wisconsin Legislature's intervention, but they oppose the RNC/RPW's motion.

OPINION

The Federal Rules of Civil Procedure contemplate two methods of intervention: intervention as of right, and permissive intervention. *See* Fed. R. Civ. P. 24(a), (b). The Wisconsin Legislature argues that it is entitled to intervene as of right or, in the alternative, to intervene permissively. (Wis. Leg. Br. (dkt. #26) 2-3.) A court *must* permit a party to intervene where: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (citing Fed. R. Civ. P. 24(a)(2)).

Here, the Legislature's unopposed motion establishes an adequate prima facie basis for this court to grant intervention under Rule 24(a)(2). *See Wausau Homes, Inc. v. Menning*, No. 17-CV-129-BBC, 2017 WL 2170256, at *1 (W.D. Wis. May 17, 2017) (granting an unopposed intervention motion where the proposed intervenor "made a prima facie showing

to satisfy the standard for mandatory intervention under Rule 24(a)(2)"). First, the motion is timely as it was filed only weeks after the lawsuit commenced and before the deadline for the current defendants to respond to the complaint. As to the second and third factors, the Legislature has an interest in the continued enforceability of its laws, and because plaintiffs seek to enjoin certain state election laws, any disposition in their favor would impair the Legislature's interest. *See Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 798 (7th Cir. 2019) (assuming that the Wisconsin Legislature, as a proposed intervenor, had an interest defending the enforceability of a state law for purposes of Rule 24(a), although withholding on whether that interest was "unique" from that of Wisconsin Attorney General's as the existing defendant). Finally, the Legislature has offered various reasons for why the existing defendants do not adequately represent their interests, including the current defendants' explanation in briefing in a related case that they will lack the authority to appeal any order enjoining enforcement of the challenged election laws by this court. (*See* Wis. Leg. Br. (dkt. #26) 8-9 (citing WEC Mot. to Dismiss Br. (20-cv-340, dkt. #15) 6).) At least on this unopposed motion, this is sufficient to show that the current defendants do not adequately represent the Wisconsin Legislature's interests in this suit. Because the court is permitting the Legislature to intervene under Rule 24(a), the court need not address its arguments regarding permissive intervention.

As for the RNC/RPW's motion, they primarily argue intervention should be allowed permissively, while only arguing in the alternative for intervention as of right. Permissive intervention is granted at the discretion of the court and requires only (1) a timely motion and (2) that the applicant "has a claim or defense that shares with the main action a common question of law or fact." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381 (citing Fed. R. Civ. P.

24(b)(2)). In exercising its discretion, "[t]he Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood*, 942 F.3d at 803.

Notwithstanding plaintiffs' opposition, the RNC/RPW readily meets the two required elements of permissive intervention. First, their application is timely as they moved to intervene only three weeks after the lawsuit was filed and before the deadline for the current defendants to even respond to the complaint. Second, the RNC/RPW have a defense that shares common questions of law and fact with the main action; namely, they seek to defend the challenged election laws to protect their and their members' stated interests -- among other things, interest in the integrity of Wisconsin's elections. (*See* RNC/RPW Br. (dkt. #19) 5-8.)

In opposing the motion, plaintiffs do not contend that the RNC/RPW fail to meet the two requirements for permissive intervention, but instead argue generally that: (1) the RNC/RPW are adequately represented by the existing defendants; (2) their intervention would unnecessarily complicate and delay the case; and (3) no persuasive reason exists to permit them to intervene in this case. (Pls.' Opp'n (dkt. #34) 7-11.) Plaintiffs urge that the court should at most permit the RNC/RPW to be involved as *amici*, and not parties. (*Id.* at 11.) While plaintiffs' concerns might be well founded in an ordinary case, there is nothing ordinary here, beginning with the fact that this case is one of four closely overlapping lawsuits, in all of which RNC/RPW is already a party. On balance, the court concludes that permitting the RNC/RPW to intervene here as well will not unduly delay or prejudice the interests of the original parties and *will* serve the interests of judicial administration and efficiency. The RNC/RPW is not asserting any new or additional claims, but is only intervening to defend the challenged laws.

Although the RNC/RPW may advance novel arguments against plaintiffs' requested relief, plaintiffs "can hardly be said to be prejudiced by having to prove a lawsuit it chose to initiate." *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381. Finally, the RNC/RPW has committed to following the same briefing schedule as defendants. (*See* RNC/RPW Br. (dkt. #19) 3.)

Regardless, as all four of these cases progress, this court anticipates holding joint hearings -- indeed, a joint status conference is already scheduled -- and eventual consolidation of the cases is likely given the overlapping claims and arguments. If anything, *denying* intervention would at this point unnecessarily complicate an already complicated set of cases by requiring the RNC/RPW to act as *amici* in this case and as defendants in the other, three related cases. The Seventh Circuit has observed that "Rule 24(b) is just about economy in litigation." *City of Chic. v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011). Here, where intervention would serve the interests of judicial administration *and* where the proposed intervenor has otherwise met the requirements of Rule 24(b), permissive intervention is appropriate.

ORDER

IT IS ORDERED that:

1) The Wisconsin Legislature's unopposed motion to intervene (dkt. #25) is GRANTED.

2) The Republic National Committee and Republican Party of Wisconsin's motion to intervene (dkt. #18) is GRANTED.

3) The court will hold a joint status conference with the parties in the present case, as well with the parties in case nos. 20-cv-249, '278, and '459, on Monday, June 29, 2020, at 10:00 a.m.  The conference will be held via Zoom, and the court will require counsel for each of the cases to provide an email address for no more than two attorneys who will appear and speak for their respective parties.  Other attorneys or parties may watch the conference via the court's live YouTube stream.  https://www.youtube.com/channel/UCIvvwLooNn3UX_g9qHQP4bQ/live.  The parties should be prepared to discuss a schedule for efficiently and fairly addressing plaintiffs' requests for a relief.  In addition, to the extent possible, counsel for parties with aligned interests are *strongly* encouraged to discuss their positions in advance and designate a lead spokesperson by issue or otherwise.  Finally, counsel are encouraged to meet before the June 29 conference (virtually or otherwise) and confer to discuss the best means to efficiently resolve any disputes well in advance of upcoming elections.

Entered this 23rd day of June, 2020.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge