IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JILL SWENSON, MELODY MCCURTIS, MARIA NELSON, BLACK LEADERS ORGANIZING FOR COMMUNITIES, and DISABILITY RIGHTS WISCONSIN, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S. JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR., and MARK L. THOMSEN, Commissioners of the Wisconsin Elections Commission; <br><br>MEAGAN WOLFE, Administrator of the Wisconsin Elections Commission, <br><br>　　　　Defendants, <br><br>WISCONSIN LEGISLATURE, REPUBLICAN NATIONAL COMMITTEE and REPUBLICAN PARTY OF WISCONSIN, <br><br>　　　　Intervening Defendants. | 20-cv-459-wmc |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, and in accordance with this Court's procedure for motions seeking a preliminary injunction, Plaintiffs Jill Swenson, Melody McCurtis, Maria Nelson, Black Leaders Organizing for Communities, and Disability Rights Wisconsin respectfully move this Court for preliminary injunctive relief.

1

On April 7, 2020, Wisconsin held an election amidst the novel coronavirus ("COVID-19") pandemic. Defendants' failure to take appropriate steps to ensure safe access to the ballot, combined with certain Wisconsin statutory requirements that fatally impair Defendants' ability to administer the election effectively during the COVID-19 pandemic, resulted in historic breakdowns in the election process and the widespread disenfranchisement of Wisconsin voters. Medical and public health experts project that, like the April election, the impending November election will take place during the COVID-19 pandemic. Defendants have nevertheless failed to adopt the policies and measures necessary to prevent similar electoral breakdowns and mass disenfranchisement. Moreover, the operation of Wisconsin law will again prevent Defendants from making some of the necessary changes to policies and practices. Absent intervention by this Court, Plaintiffs are likely to once again face severe, often insurmountable, burdens on their right to vote in violation of their rights under Section 11(b) of the Voting Rights Act, the Americans with Disabilities Act, and the First and Fourteenth Amendments of the United States Constitution.

For the foregoing reasons, and as more fully set forth in Plaintiffs' accompanying Brief in Support of Plaintiffs' Motion for a Preliminary Injunction, statement of proposed facts, and declarations and exhibits, this Court should enjoin, for the November 2020 election, the enforcement of:

1. Wis. Stat. § 7.30(2) with respect to the requirement that each election official be an elector of the county in which the municipality is located;

2. Wis. Stat. § 6.87(2) during the pendency of the COVID-19 pandemic for all voters who are immunocompromised or otherwise at high risk from COVID-19, or who are actively infected with COVID-19, who cannot safely secure an in-person witness;

3. Wis. Stat. § 6.855(1) with respect to the requirement that all in-person absentee voting locations for the November general election must have already been designated;

4. Wis. Stat § 6.87(6) and require that absentee ballots postmarked by election day or not bearing a postmark but received within a week of election day be counted; and

5. Wis. Stat. §§ 6.88, 7.51-.52 with respect to the requirement that absentee ballots not be counted before election day.

This Court should further order Defendants, for the November 2020 election, to:

1. Take all appropriate actions to ensure that in-person voting, whether exercised by casting an absentee ballot or by casting a ballot on election day, can be safely conducted;

2. Require that accessible voting machines be available at all in-person absentee voting locations;

3. Take all appropriate actions to ensure an adequate number of poll workers to administer safe polling places;

4. Ensure that each registered voter in Wisconsin receives an absentee ballot request form and that all residents of care facilities have adequate opportunities to register to vote and request absentee ballots;

5. Ensure that individuals with print disabilities have an accessible means of receiving, marking, and submitting absentee ballots privately and independently;

3

6. Take all appropriate actions to ensure that all voters who request and are qualified to receive an absentee ballot in fact receive such absentee ballot, and that any voter whose request for an absentee ballot is rejected or not processed for any reason be notified and given the opportunity to cure any defect in a timely manner;

7. Take all appropriate actions to upgrade electronic voter registration systems so they can process the anticipated elevated number of online registrations and absentee ballot requests;

8. Take all appropriate actions to coordinate with, and ensure that municipalities coordinate with, the United States Postal Service to ensure the timely delivery and return of, and counting of, absentee ballots;

9. Ensure that secure drop boxes for in-person return of absentee ballots are available to every voter and increase in-person absentee voting opportunities that are safe and accessible, including, for instance, drive-through voting; and

10. Engage in a public education campaign to apprise the public on: how to request, vote, and return absentee ballots; the locations and times for in-person absentee voting; all early voting opportunities in each community; the provisions being made for safe in-person voting; and any changes in election day polling locations.

Dated: June 24, 2020

Respectfully submitted,

*/s/ Yaira Dubin*

Anton Metlitsky
Leah Godesky
Yaira Dubin
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
ametlitsky@omm.com
lgodesky@omm.com
ydubin@omm.com

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
(310) 553-6700
mlens@omm.com

Jason Zarrow
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
jzarrow@omm.com

Jonathan Manes
RODERICK & SOLANGE MACARTHUR JUSTICE CENTER
160 E Grand Ave, Sixth Floor
Chicago, IL 60611
(312) 503-0012
jonathan.manes@law.northwestern.edu

Rachel E. Goodman
THE PROTECT DEMOCRACY PROJECT
115 Broadway, 5th Fl.
New York, NY 10006
(202) 997-0599
rachel.goodman@protectdemocracy.org

Laurence M. Schwartztol
THE PROTECT DEMOCRACY PROJECT
15 Main St., Suite 312
Watertown, MA 02472
(202) 856-9191
larry.schwartztol@protectdemocracy.org

Jamila Benkato*
Farbod Kaycee Faraji*
Cameron Kistler
THE PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite # 163
Washington, D.C. 20006
(202) 579-4582
jamila.benkato@protectdemocracy.org
farbod.faraji@protectdemocracy.org
cameron.kistler@protectdemocracy.org
*Admitted to practice in California, not D.C.; practice consistent with D.C. App. R. 49(c)(3).*

Douglas M. Poland
State Bar No. 1055189
RATHJE WOODWARD LLC
10 E Doty Street
Suite 507
Madison, WI 53703
(608) 960-7430
dpoland@rathjewoodward.com

5

Jeffrey A. Mandell
State Bar No. 1100406
STAFFORD ROSENBAUM LLP
222 West Washington Avenue
P.O. Box 1784
Madison, WI 53701-1784
(608) 256-0226
jmandell@staffordlaw.com

*Counsel for Plaintiffs*