IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARGE BOSTELMANN, et al.,<br><br>    Defendants,<br><br>    and<br><br>WISCONSIN LEGISLATURE, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF WISCONSIN,<br><br>    Intervening-Defendants. | 20-cv-249-wmc |
| SYLVIA GEAR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARGE BOSTELMANN, et al.,<br><br>    Defendants,<br><br>    and<br><br>WISCONSIN LEGISLATURE, REPUBLICAN NATIONAL COMMITTEE, AND REPUBLICAN PARTY OF WISCONSIN,<br><br>    Intervening-Defendants. | 20-cv-278-wmc |
| CHRYSTAL EDWARDS, et al.,<br><br>    Plaintiffs, | |

|  |  |
|---|---|
| v.<br><br>ROBIN VOS, et al.,<br><br>    Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE,<br>AND REPUBLICAN PARTY OF WISCONSIN,<br><br>    Intervening-Defendants. | 20-cv-340-wmc |
| JILL SWENSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARGE BOSTELMANN, et al.,<br><br>    Defendants,<br><br>and<br><br>WISCONSIN LEGISLATURE, REPUBLICAN<br>NATIONAL COMMITTEE, AND<br>REPUBLICAN PARTY OF WISCONSIN,<br><br>    Intervening-Defendants. | 20-cv-459-wmc |

**EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND A RULE 30(b)(6) DEPOSITION AGAINST INTERVENING DEFENDANTS REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF WISCONSIN**

Plaintiffs Jill Swenson, Melody McCurtis, Maria Nelson, Black Leaders Organizing for Communities, and Disability Rights Wisconsin hereby move this Court, through undersigned counsel, for an order pursuant to Rule 37(a)(3)(B)(ii), (iv) to compel the Intervening Defendants Republic National Committee and Republican Party of Wisconsin ("RNC/RPW") to provide

2

documents in response to certain portions of Plaintiffs' requests for production, and to designate and make available a deponent pursuant to Rule 30(b)(6). Plaintiffs seek an emergency hearing and resolution on this matter tomorrow, Monday, July 26, 2020, because discovery is scheduled to close this Thursday, July 30, 2020. *See* '249 Dkt. Nos. 232, 234.

The parties have met and conferred and engaged in extensive email correspondence in an attempt to resolve these issues without burdening the Court but, despite Plaintiffs' efforts to narrow the issues and otherwise address the RNC/RPW Defendants' objections, no negotiated resolution has been possible and the parties are at an impasse.

The discovery Plaintiffs seek is narrowly tailored to obtain factual information from RNC/RPW related to a central factual issue in this case: whether the relief that Plaintiffs seek would affect the integrity of the upcoming election or is otherwise feasible. Plaintiffs believe RNC/RPW may have evidence tending to support Plaintiffs' arguments on this point, yet RNC/RPW has flatly refused to engage in fact discovery, disclosing not a single document and refusing to designate a deponent.

The RNC/RPW Defendants want to have it both ways. They insisted on obtaining party status in this litigation, but at the same time argue that they need not disclose factual information in response to discovery. The RNC/RPW Defendants led the charge on Friday in a three-hour deposition of the Swenson Plaintiffs' election-administration expert, Kevin Kennedy—and yet they say that they are under no obligation to produce a deponent to answer questions on their behalf. The RNC/RPW Defendants claim that they're free to make arguments to this Court that cite voluminous records of all other parties to the case—but that they need not produce a stitch of evidence themselves. *See* RNC/RPW Consol. Opp. Br. at 1, '249 Dkt. No. 455 ("[RNC and

3

RPW] incorporate by reference the arguments of the Wisconsin Legislature . . . which comprehensively refute the legal *and factual* basis offered by Plaintiffs." (emphasis added)).

The crux of the RNC/RPW Defendants' position is thus that regular discovery rules do not apply to them. This is particularly perplexing, given that the Swenson Plaintiffs did not sue the RNC or RPW; rather, they insisted on becoming parties to this case over the Swenson Plaintiffs' objections. See '459 Dkt. No. 38. Now that they are parties to this litigation, the RNC/RPW Defendants cannot unilaterally dictate the circumstances in which they will participate.

The narrow document discovery and Rule 30(b)(6) testimony that the Swenson Plaintiffs seek is highly relevant to their claims and to the RNC/RPW's still-unspecified and unsupported election-integrity concerns. For example, the Swenson Plaintiffs are entitled to obtain discovery regarding whether the waiver the Swenson Plaintiffs seek of the absentee-ballot witness requirement and statutory prohibition on out-of-county poll workers (among other relief) would harm (or, more likely, improve) the integrity of the election. Moreover, the fact that RNC/RPW have chosen not to put forward their own affirmative evidence or witnesses on these matters does not mean that Plaintiffs are somehow prohibited from seeking those facts through discovery.

Indeed no other party has outright refused to produce a deponent or respond to substantive discovery requests. Even third parties like Milwaukee and Green Bay have complied with time-sensitive discovery requests. The RNC/RPW Defendants do not get to play by their own rules, and the Swenson Plaintiffs respectfully request that the Court order the RNC/RPW to respond this week to targeted discovery requests. Specifically, Plaintiffs ask the Court to order the RNC/RPW to designate a deponent on the limited set of issues described below and to make

4

the deponent available by July 30, 2020; Plaintiffs further ask the court to order RNC/RPW to produce related documents 24 hours in advance of the deposition.

**I.      Plaintiffs seek to obtain narrowly-targeted discovery aimed at developing the factual record on questions that RNC/RPW have contested.**

On July 10, 2020, Plaintiffs served identical Rule 34 requests for production on both RNC and RPW seeking 11 categories of documents; Plaintiffs also served deposition notices under Rule 30(b)(6) seeking testimony on 9 topics. Decl. of Jonathan Manes ¶ 3, Exs. A–C. ("Manes Decl."). Ten days later, RNC/RPW issued blanket objections to all of Plaintiffs' requests for production, producing not a single document, and failing to designate a 30(b)(6) deponent—a position it has maintained to date. *Id.* ¶ 10; Ex. L.

Despite RNC/RPW's blanket objections, Plaintiffs file this motion seeking disclosure only on a narrow subset of its original requests that represent the most essential factual information likely in RNC/RPW's possession relevant to Plaintiffs' claims. Specifically, with respect to documents, Plaintiffs only seek disclosure of materials in RNC/RPW's possession that may actually support Plaintiffs' contention that the relief they seek will not impair any interests RNC/RPW asserts relating to election integrity, risk of fraud, administrability, and feasibility. In particular, Plaintiffs seek disclosure of documents responsive to the following two items of their requests for production.

> 6. All Documents and Communications that tend to show that the integrity of the November election would be harmed if all or any part of the Requested Relief were implemented.
>
> 8. All Documents and Communications that relate to the Feasibility of the Requested Relief or any part thereof.
> [Manes Decl. Ex. A.]

Plaintiffs have agreed to narrow these requests so that they only seek "Documents" and so the term "Requested Relief" refers only to the specific items of relief sought in Plaintiffs pending motion for a preliminary injunction. *See* Manes Decl. ¶¶ 14, 21, Exs. G, K.

Similarly, Plaintiffs seek to take a deposition of a representative of RNC/RPW solely on the topic of the "[f]easibility of implementing the Requested Relief." *See* Notice of 30(b)(6) Deposition, Schedule A, § 2 ¶ 5; Manes Decl. Ex. B–C. "Feasibility" is defined in Plaintiffs' requests to mean "the ability and/or practicality of implementing the Requested Relief, including as to any administrative burdens or costs, any concerns about the ability of the Wisconsin Elections Commission to implement the Requested Relief, and any concerns Related To fraud or election security Related To the Requested Relief." Manes Decl. Ex. A, at 5; Ex. B, at 6; Ex. C, at 6.

Plaintiffs have further proposed to limit scope of the deposition to the feasibility of certain specific aspects of their requested relief. What follows is the description of those topics as communicated to RNC/RPW's counsel, listing the particular issue and illustrating for RNC/RPW the type of relevant factual information likely in their possession with respect to each.

> 1. **Permitting out-of-county pollworkers** – your clients are likely to have factual information tending to show that having out-of-county voters serve as pollworkers promote election integrity or would not impede the asserted state interests in having a "decentralized" electoral system.
>
> 2. **Waiver of witness-signature requirement with respect to COVID-vulnerable or -infected voters** -- factual information in your clients' possession they have little or no evidence of fraud with respect to Wisconsin voters already permitted to vote without a witness (i.e. those "indefinitely confined") or in other jurisdictions that do not require a signature.
>
> 3. **Early voting locations** – factual information that having flexibility to designate additional early voting locations before November would nor harm and may promote voter confidence and election administrability, based for example on the experience in April 2020.
>
> 4. **Postmark deadline** – factual information that a deadline requiring ballots be postmarked by election day does not impair the asserted interest in orderly

6

election administration and in fact may have the opposite effect, based on your clients' experience in April 2020 and in other jurisdictions.

**5. Early canvassing of absentee ballots** – factual information that canvassing absentee ballots early does not create a risk of disclosure of election results in other states, with reference to your clients' experience in others states that permit absentee ballots to be counted before election day.

**6. Additional pollworkers –** any factual information showing that that RNC/RPW coordinated with the WEC to ensure that there were sufficient pollworkers for the April election in any local Wisconsin jurisdiction, which would tend to show that such relief is feasible in the present case, contrary to your clients' argument.

**7. Drop boxes –** factual information in your clients' possession that the use of drop boxes to return absentee ballots has improved the integrity of elections by ensuring ballots are delivered directly to local clerks, rather than via USPS.

**8. Timing of requested relief –** factual information that the timing of court-ordered relief Plaintiffs seek in their PI motion would not result in significant voter confusion, could increase rather than deter participation, and is otherwise administrable, based on experience in April 2020 or otherwise.
[Manes Decl. Ex. K.]

This discovery is directly relevant both to Plaintiffs' claims and RNC/RPW's defenses to those claims. *See* Rule 26(b)(1). RNC/RPW's opposition to Plaintiffs' motion for a preliminary injunction asserts that the relief Plaintiffs seek would impair RNC/RPW's asserted interests in election integrity, administrability, and the like. They make these arguments both in their own brief, *see* '249 Dkt. No. 455, at 3, and because they "incorporate by reference" all of the arguments in the Wisconsin Legislature's brief, *id.* at 1; *see also* '249 Dkt. No. 454, at 41–68 (Wisconsin Legislature's Omnibus Brief in Opposition). The discovery sought here is thus "proportional to the needs of the case" particularly "considering the importance of the issues at stake." Rule 26(b)(1).

There is little question that the discovery sought here will potentially shed light on live factual disputes that are central to this Court's resolution of the pending motions. Whether and to what extent a given remedy will promote or harm the election's integrity or prove feasible

depends on facts about how elections are run and how such remedies will affect voters and candidates. As this Court has previously observed, in its decision granting RNC/RPW's motion to intervene as defendants, "the RNC/RPW have a defense that shares common questions of law *and fact* with the main action; namely, they seek to defend the challenged election laws to protect their and their members' stated interests -- among other things, interest in the integrity of Wisconsin's elections." Opinion and Order, No. 20-cv-459, Dkt. No. 38, at 4 (emphasis added).

There is strong reason to believe that RNC/RPW possess factual information responsive to Plaintiffs' requests and that discovery is therefore warranted in light of "the parties' relative access to relevant information." Rule 26(b)(1). RNC/RPW are, of course, active participants in the elections; they observe how the election system operates up close; they plainly have deep concerns about fraud, administrability, and similar matters; and they have experience illuminating how various election procedures—or changes thereto—have affected elections in the past. They are thus in a special position to have factual information about whether any of the asserted concerns about election integrity or feasibility are or are not engaged by particular items of relief that Plaintiffs are seeking in this litigation. Because RNC/RPW are parties to this action, Plaintiffs are entitled to factual information in their possession that may undermine the factual predicate for the arguments they are advancing.

**II.     Plaintiffs have attempted to resolve these issues in good faith, but the Intervening Defendants have taken an uncompromising position that they need not disclose any factual evidence in response to discovery requests.**

Plaintiffs served their discovery requests on July 10, 2020. Plaintiffs took prompt action to ensure that the planned discovery could be completed by July 30, 2020. On July 17, 2020, before responses were due, Plaintiffs inquired with opposing counsel to ensure the date for the noticed 30(b)(6) deposition was mutually agreeable. Manes Decl. ¶ 9. In response, counsel for RNC/RPW indicated "serious concerns" about the "need for or propriety of the noticed

depositions" but suggested that, if necessary, the deposition could move forward on July 28 or 29, 2020. *Id.* Counsel for RNC/RPW also proposed a meet-and-confer on Tuesday, July 21, 2020, by which time they would have served their objections and responses. *Id.*

On Monday, July 20, 2020, RNC/RPW served their objections and responses. They declined to produce any responsive documents and did not designate a Rule 30(b)(6) deponent. Manes Decl. ¶ 10, Exs. E-F. With respect to the subjects at issue in this motion, Intervening Defendants' primary objection was that those matters were somehow purely legal issues, objecting on the grounds that "Intervenor-Defendants' legal arguments on the propriety of any relief in this case are set forth in its pleadings (including the oppositions to the pending motions for preliminary injunctions) and there is no factual issue to which these documents or communications could conceivably be relevant." *Id.* Ex. E, at 7–8. Plaintiffs' counsel emailed Intervening Defendants' counsel that day, seeking opposing counsel's availability to meet and confer the following day. *Id.* ¶ 13.

Having received no response, Plaintiffs' counsel on July 22, 2020, again emailed opposing counsel seeking a meet and confer and this time explaining in some detail Plaintiffs' disagreements with Respondent's objections. *Id.* ¶ 14, Ex. G. In particular, Plaintiffs emphasized their need for factual information in RNC/RPW's possession relevant to whether Plaintiffs' requested relief was feasible or would otherwise impair election integrity. Plaintiffs expressed their strong disagreement with RNC/RPW's assertion that these are not subjects of "factual" dispute. *Id.* Ex. G. However, in an effort to avoid litigation, Plaintiffs suggested they might well be willing to drop their demands for fact discovery if RNC/RPW would stipulate that they would not in fact rely on any factual record—but rest solely on the case law and legal argument—to attempt to make their arguments about election integrity. *Id.*

On Thursday, July 23, 2020, the parties met and conferred. *Id.* ¶ 15. During the meet and confer, Plaintiffs' counsel understood RNC/RPW's counsel to represent that they intended to make their arguments with respect to the asserted interest in election integrity by relying only on the statutes, case laws and "logic," without reference to "adjudicative facts." *Id.* On that understanding, Plaintiffs suggested they may be willing to forego fact discovery if RNC/RPW would formally stipulate that they would not rely on any facts to make these arguments. *Id.*[1]

The next morning, RNC/RPW's counsel sent an email clarifying that RNC/RPW did not intend to make purely legal arguments, but that they "have and will continue to defend these laws based on the existing record" *Id.* Ex. H. RNC/RPW stated that they "do not intend to offer any *additional* factual evidence as to the feasibility of Plaintiffs' proposed relief or the public interests implicated by various Wisconsin election laws," *id.* (emphasis added), but their response made clear to Plaintiffs—for the first time—that they did in fact intend to rely on the factual record developed by other parties on those questions, *id.* ¶¶ 16–17.

In subsequent correspondence RNC/RPW confirmed that they would not agree to forgo reliance on factual evidence but instead reserved the right to rely on the "existing record"— including deposition testimony and other evidence elicited from other parties in discovery—in order to make their argument that the requested relief we seek is not feasible or would impair asserted state interest. *Id.* ¶¶ 16–18, Exs. I, J. RNC/RPW declined to stipulate—as Plaintiffs had proposed—that they would not rely on the factual record and instead make purely legal arguments regarding the alleged effects of Plaintiffs' requested relief on the integrity of the election and related concerns about fraud, feasibility, and the like. *Id.* Exs. I, J. The email

---

[1] Based on Plaintiffs' understanding that RNC/RPW intended not to rely on factual argumentation, they also proposed to serve narrowed contention interrogatories in order to better understand the parameters of RNC/RPW's position. Plaintiffs withdrew that proposal when it became clear, as discussed presently, that RNC/RPW actually intended to make its arguments about election integrity on the basis of disputed facts.

correspondence made it clear that RNC/RPW were unlikely to agree to a Rule 30(b)(6) deposition or other fact discovery. *Id.* Exs. I, J.

That same day, counsel for RNC/RPW took the deposition of Plaintiff's expert on election administration, Kevin Kennedy. *Id.* ¶ 20.

The next day, July 25, 2020, Plaintiffs emailed RNC/RPW's counsel to further clarify their position. Plaintiffs explained that, in light of RNC/RPW's evident intention to rely on the factual record developed by other parties in order to argue against the feasibility of Plaintiffs' requested relief, Plaintiffs would not be willing to forego obtaining potentially helpful factual information from RNC/RPW. *Id.* Ex. K. In an effort to narrow the dispute and make it as concrete as possible, Plaintiffs provided concrete illustrations—reproduced above—about the types of factual information likely in RNC/RPW's possession that would be material and potentially helpful to Plaintiffs' arguments on this point. *Id.* Plaintiffs proposed to narrow the topics for any 30(b)(6) deposition to those topics and also to limit the scope of document demands, as described above. *See supra* 5-6; Manes Decl. Ex. K. Plaintiffs proposed to meet and confer the following day if RNC/RPW's counsel believed it might be possible to reach a negotiated resolution and requested a response either way by July, 26, 2020, at 3pm. *Id.*

Having received no response, Plaintiffs followed up again by email on July 26, 2020 at 5pm CT. In response, counsel for RNC/RPW reiterated his refusal to designate a 30(b)(6) deponent or to disclose any documents, even as narrowed. Manes Decl. Ex. L. Plaintiffs replied, informing RNC/RPW that they would file this emergency motion seeking the Court's intervention. *Id.* Ex. M.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to issue an order pursuant to Rule 37 compelling Intervening Defendants RNC/RPW immediately to designate a deponent pursuant to

30(b)(6) to discuss the specific topics identified above, and to make the designee available for a deposition no later than July 30, 2020; and compelling RNC/RPW to disclose documents responsive to Plaintiffs' requests for production numbered 6 and 8, narrowed as described above, at least 24 hours before the deposition is scheduled to commence. Plaintiffs reserve their right to seek recovery of their attorney's fees and expenses for making this motion, as provided by Rule 37(a)(5)(A).

Respectfully submitted,

/s/Jonathan Manes
Jonathan Manes
RODERICK & SOLANGE
 MACARTHUR JUSTICE CENTER
160 E Grand Ave, Sixth Floor
Chicago, IL 60611
(312) 503-0012
jonathan.manes@law.northwestern.edu

Anton Metlitsky
Leah Godesky
Yaira Dubin
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
ametlitsky@omm.com
lgodesky@omm.com
ydubin@omm.com

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
(310) 553-6700
mlens@omm.com

Rachel E. Goodman
THE PROTECT DEMOCRACY PROJECT
115 Broadway, 5th Fl.
New York, NY 10006
(202) 997-0599
rachel.goodman@protectdemocracy.org

Laurence M. Schwartztol
THE PROTECT DEMOCRACY PROJECT
15 Main St., Suite 312
Watertown, MA 02472
(202) 856-9191
larry.schwartztol@protectdemocracy.org

Farbod Kaycee Faraji*
Cameron Kistler
THE PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite # 163
Washington, D.C. 20006
(202) 579-4582
farbod.faraji@protectdemocracy.org
cameron.kistler@protectdemocracy.org
*Admitted to practice in California, not D.C.;
practice consistent with D.C. App. R. 49(c)(3).

| | |
|---|---|
| Jason Zarrow<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>(213) 430-6000<br>jzarrow@omm.com | Douglas M. Poland<br>State Bar No. 1055189<br>RATHJE WOODWARD LLC<br>10 E Doty Street Suite 507<br>Madison, WI 53703<br>(608) 960-7430<br>dpoland@rathjewoodward.com |
| | Jeffrey A. Mandell<br>State Bar No. 1100406<br>STAFFORD ROSENBAUM LLP<br>222 West Washington Avenue<br>P.O. Box 1784<br>Madison, WI 53701-1784<br>(608) 256-0226<br>jmandell@staffordlaw.com |
| Dated: July 26, 2020 | *Counsel for Plaintiff* |